### ALFRED POLLARD *versus* JOHN J. GRAVES.

Where personal property was attached by a deputy sheriff, and at the request of the
defendant, a third person receipted therefor and agreed to indemnify the officer
against the consequences of intrusting the property to him, and the property was
delivered by the receiptor to the defendant, it was *held*, that the receiptor was
interested in the event of the suit, and was therefore incompetent as a witness for
the defendant.

The sheriff having, in such case, released the receiptor, and discharged the attach
ment, it was *held*, that the receiptor was not rendered competent thereby ; for the
lien of the attachment having been discharged by the redelivery of the property to
the defendant, the receiptor became personally responsible on his obligation to the
deputy sheriff, which responsibility the release of the sheriff did not effect.

TRESPASS for an assault and battery.

At the trial, before *Wilde* J., the defendant offered Stephen
Kendall as a witness, who was objected to by the plaintiff, on
the ground of interest. It appeared, that William C. Lewis,
a deputy under Benjamin F. Varnum, sheriff of this county,
having attached certain personal estate of the defendant, on the
writ in this action, the witness executed a writing, whereby he
promised to keep the property so attached and deliver it to
Lewis or his order when called for, and to indemnify him
against all trouble and expense which he might incur in conse
quence of intrusting the property to the witness; and that
Varnum, as sheriff, had executed a release to the witness, of
his receipt, and, also, a release to Graves of all the personal
property so attached.

The judge ruled, that it was not competent for the sheriff,
either to release the attachment, or to release the witness from
his obligation to the deputy, under the circumstances. The
witness was thereupon rejected and the point reserved for the
consideration of the whole Court.

The jury returned a verdict for the plaintiff, which was to
be set aside and a new trial granted if the ruling was er-
roneous.

It was proved or conceded, that Kendall receipted for the
property at the request of the debtor, and delivered up the
property to him.

*Oct* 15*th.*     *Farley* and *A. F. Lawrence*, for the defendant. The
property attached is held by the receiptor in trust for the

sheriff, who is the party in interest, and may, therefore, release the receiptor from his obligation ; and such a release would be a defence to an action by the deputy sheriff against the receiptor.  The attachment of property by a deputy sheriff is, in law, the act of the sheriff, and the possession of the deputy is the possession of the sheriff.  *Watson* v. *Todd*, 5 Mass. R. 271 ; *Vinton* v. *Bradford,* 13 Mass. R. 114.

The receipt was rendered inoperative by the discharge of the attachment.  *Cooper* v. *Mowry*, 16 Mass. R. 8.

*L. Williams* and *B. Russell*, for the plaintiff, cited *Webster* v. *Coffin*, 14 Mass. R. 196 ; *Cooper* v. *Mowry*, 16 Mass. R. 8 ; *Jenney* v. *Rodman*, 16 Mass. R. 464 ; *Badlam* v. *Tucker*, 1 Pick. 395.

Pollard
*v*
Graves.

SHAW C. J. delivered the opinion of the Court.  On a trial of this cause, being trespass for an assault and battery, the defendant offered Stephen Kendall as a witness, who was objected to, and rejected on the ground of interest.  It appeared, upon evidence or admissions, that at the commencement of the action, personal property had been attached ; that at the request of the witness, the property had been delivered to him, on his receipt and undertaking to keep and return it, and indemnify the attaching officer, who was a deputy sheriff.  The rejection of the witness, and the objection at the trial, went upon the assumption of a fact, which does not distinctly appear in the report, but which was afterwards proved or conceded, namely, that Kendall thus receipted for the attached property, at the request of the debtor, and delivered the property back to him, so that he was liable on his personal obligation to the officer, in case the plaintiff should recover, for the amount of the judgment ; whereas, if the defendant should prevail, the officer would not be liable to him, he having received back his goods, at his own request, and Kendall would be either wholly discharged from all liability on his obligation, or be liable for nominal damages only.  He, therefore, stood in the nature of bail for the defendant, and so was interested in favor of the party calling him.  And then the question is, whether this interest was discharged by the release of the sheriff, and the Court are of opinion, that it was not.  The liability of Kendall to the sheriff, if any, as keeper of the goods, was that for which an action

*Oct.* 16*th.*

Pollard
*v.*
Graves.

of trover on his special property in the goods, would be the appropriate remedy. But the actual lien on the goods had been discharged by a redelivery of them to the debtor, and the witness had become personally responsible by his obligation to the deputy sheriff ; and this personal responsibility on his contract, we think, the release of the sheriff did not reach.

This case is distinguishable from the late case of *Baker* v. *Fuller*, 21 Pick. 318. In that case, the property had been delivered by the deputy sheriff to the defendant for safe keeping only ; the attachment had not been discharged ; and it was held, that trover would lie by the sheriff, for the benefit of the attaching creditor, in virtue of the special property vested in him by the attachment.

The Court are of opinion that the interest of the witness was not removed by the release of the sheriff, and that the witness was rightly rejected as incompetent.

*Judgment on the verdict, for the plaintiff.*